# Commonwealth of Massachusetts

SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION



No. SUCV2012-02036H

JOSEPH DiMARIA, Administrator of the Estate of MICHAEL J. DiMaria, Plaintiff(s)

v.

CONCORDE ENTERTAINMENT, INC., d/b/a BILL'S BAR / THE LANSDOWNE PUB, Defendant(s)

## SUMMONS

To the above-named Defendant: CONCORDE ENTERTAINMENT, INC., d/b/a BILL'S BAR / THE LANSDOWNE PUBL

You are hereby summoned and required to serve upon Lewis C. Eisenberg, Esq. plaintiff's attorney, whose address is 803 Hancock St., Quincy, MA 02170, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Barbara J. Rouse, Esquire, at Boston, the _____ day of _____, in the year of our Lord two thousand _____.

A true copy Attest:
6-15-12
Deputy Sheriff Suffolk County

Michael Joseph Donovan
Clerk/Magistrate

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED
   (1) TORT — (2) MOTOR VEHICLE TORT — (3) CONTRACT — (4) EQUITABLE RELIEF — (5) OTHER

FORM CIV.P. 1 3rd Rev. 20M-10/11

| CIVIL ACTION COVER SHEET | TRIAL COURT OF MASSACHUSETTS SUPERIOR COURT DEPARTMENT COUNTY: SUFFOLK | DOCKET NO. _____ |
|---|---|---|
| TYPE PLAINTIFF(S) NAME | JOSEPH DiMARIA, Administrator of the Estate of MICHAEL J. DiMARIA | TYPE DEFENDANT(S) NAME | CONCORDE ENTERTAINMENT, INC., d/b/a BILL'S BAR / THE LANSDOWNE PUB |

Type Plaintiff's Attorney name, Address, City/State/Zip Phone Number and BBO#

Type Defendant's Attorney Name, Address, City/State/Zip Phone Number (If Known)

Lewis C. Eisenberg, Esq.
Cosgrove, Eisenberg & Kiley, PC
803 Hancock Street - P.O. Box 189
Quincy, MA 02170
Tel: 6170479-7770 / BBO #152140

TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B08 | Wrongful Death | A | [x] Yes  [ ] No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

## TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
  1. Total hospital expenses $_____
  2. Total doctor expenses $_____
  3. Total chiropractic expenses $_____
  4. Total physical therapy expenses $_____
  5. Total other expenses (describe) $_____
     Subtotal $_____
B. Documented lost wages and compensation to date $_____
C. Documented property damages to date $_____
D. Reasonably anticipated future medical expenses $_____
E. Reasonably anticipated lost wages and compensation to date $_____
F. Other documented items of damages (describe)
  $_____
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

Wrongful death case of 23 year old, survival by parents as heirs

Total $4,000,000.00

## CONTRACT CLAIMS
(Attach additional sheets as necessary)
Provide a detailed description of claim(s):

TOTAL     $...........

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____    Date: 9/29/—

A.O.S.C. 3-2007

CIVIL ACTION COVER SHEET INSTRUCTIONS
SELECT CATEGORY THAT BEST DESCRIBES YOUR CASE

### * CONTRACTS

| Code | Description | Track |
|---|---|---|
| A01 | Services, Labor and Materials | F |
| A02 | Goods Sold and Delivered | (F) |
| A03 | Commercial Paper | (F) |
| A08 | Sale or Lease of Real Estate | (F) |
| A12 | Construction Dispute | (A) |
| A99 | Other (Specify) | (F) |
| E03 | Claims against Commonwealth or Municipality | (A) |

### TORT

| Code | Description | Track |
|---|---|---|
| B03 | Motor Vehicle Negligence personal injury/property damage | (F) |
| B04 | Other Negligence- personal injury/property damage | (F) |
| B05 | Products Liability | (A) |
| B06 | Malpractice-Medical | (A) |
| B07 | Malpractice-Other (Specify) | (A) |
| B08 | Wrongful Death, G.L. c.229, s.2A | (A) |
| B15 | Defamation (Libel-Slander) | (A) |
| B19 | Asbestos | (A) |
| B20 | Personal injury- slip & fall | (F) |
| B21 | Environmental | (F) |
| B22 | Employment Discrimination | (F) |
| B99 | Other (Specify) | (F) |
| E03 | Claims against Commonwealth | (A) |

### * REAL PROPERTY

| Code | Description | Track |
|---|---|---|
| C01 | Land Taking (eminent domain) | (F) |
| C02 | Zoning Appeal, G.L. c.40A | (F) |
| C03 | Dispute concerning title | (F) |
| C04 | Foreclosure of mortgage | (X) |
| C05 | Condominium Lien & Charges | (X) |
| C99 | Other (Specify) | (F) |
| E03 | Claims against Commonwealth or Municipality | (A) |

### EQUITABLE REMEDIES

| Code | Description | Track |
|---|---|---|
| D01 | Specific Performance of Contract | (A) |
| D02 | Reach and Apply | (F) |
| D06 | Contribution or Indemnification | (F) |
| D07 | Imposition of a Trust | (A) |
| D08 | Minority Stockholder's Suit | (A) |
| D10 | Accounting | (A) |
| D12 | Dissolution of Partnership | (F) |
| D13 | Declaratory Judgment G.L. c. 231A | (A) |
| D99 | Other (Specify) | (F) |

### MISCELLANEOUS

| Code | Description | Track |
|---|---|---|
| E02 | Appeal from Administrative Agency G.L. c. 30A. | (X) |
| E03 | Claims against Commonwealth or Municipality | (A) |
| E05 | Confirmation of Arbitration Awards | (X) |
| E07 | G.L. c.112, s.12S (Mary Moe) | (X) |
| E08 | Appointment of Receiver | (X) |
| E09 | General Contractor bond, G.L. c. 149, ss. 29, 29a | (A) |
| E11 | Worker's Compensation | (X) |
| E12 | G.L.c.123A, s.12 (SDP Commitment) | (X) |
| E14 | G.L. c. 123A, s. 9 (SDP Petition) | |
| E15 | Abuse Petition, G. L. c. 209A | (X) |
| E16 | Auto Surcharge Appeal | (X) |
| E17 | Civil Rights Act, G.L. c.12, s. 11H | (A) |
| E18 | Foreign Discovery Proceeding | (X) |
| E19 | Sex Offender Registry G.L. c. 178M, s. 6 | (X) |
| E25 | Plural Registry (Asbestos cases) | |
| E95 | **Forfeiture G.L. c. 94C, s. 47 | (F) |
| E96 | Prisoner Cases | (F) |
| E97 | Prisoner Habeas Corpus | (X) |
| E99 | Other (Specify) | (X) |

*Claims against the Commonwealth or a municipality are type E03, Average Track, cases.
**Claims filed by the Commonwealth pursuant to G L c 94C, s 47 Forfeiture cases are type E95, Fast track.

TRANSFER YOUR SELECTION TO THE FACE SHEET.

EXAMPLE:

| CODE NO. | TYPE OF ACTION (SPECIFY) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | (F) | [X] Yes [ ] |

### SUPERIOR COURT RULE 29

DUTY OF THE PLAINTIFF. The plaintiff or his/her counsel shall set forth, on the face sheet (or attach additional sheets as necessary), a statement specifying in full and itemized detail the facts upon which the plaintiff then relies as constituting money damages. A copy of such civil action cover sheet, including the statement as to the damages, shall be served on the defendant together with the complaint. If a statement of money damages, where appropriate is not filed, the Clerk-Magistrate shall transfer the action as provided in Rule 29(5)(C).

DUTY OF THE DEFENDANT. Should the defendant believe the statement of damages filed by the plaintiff in any respect inadequate, he or his counsel may file with the answer a statement specifying in reasonable detail the potential damages which may result should the plaintiff prevail. Such statement, if any, shall be served with the answer.

A CIVIL ACTION COVER SHEET MUST BE FILED WITH EACH COMPLAINT.

FAILURE TO COMPLETE THIS COVER SHEET THOROUGHLY AND ACCURATELY
MAY RESULT IN DISMISSAL OF THIS ACTION.

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                                              SUPERIOR COURT DEPARTMENT
                                                          CIVIL ACTION NO. SUCV2012-02036H

JOSEPH DiMARIA,                          )
Administrator of the Estate of           )
MICHAEL J. DIMARIA,                      )
                                         )
        Plaintiff,                       )
                                         )
V.                                       )
                                         )
CONCORDE ENTERTAINMENT,                  )
INC., d/b/a BILL'S BAR /                 )
THE LANSDOWNE PUB                        )
                                         )
        Defendant.                       )

## COMPLAINT OF THE PLAINTIFF

### Nature of the Claim

1. This is a cause of action for personal injury and wrongful death as a result of a claim for inadequate security on premises.

### Description of the Parties

2. The plaintiff, Joseph DiMaria, resides at 121 7th Street, Hicksville, New York. He is the duly appointed administrator of the Estate of Michael J. DiMaria by the Surrogate's Court of the State of New York for Nassau County.

3. The defendant, Concorde Entertainment, Inc., d/b/a Bill's Bar/The Lansdowne Pub, is a corporation duly organized under the laws of the Commonwealth of Massachusetts with a principal place of business at 7 - 9 Lansdowne Street, City of Boston, County of Suffolk, Commonwealth of Massachusetts.

### General Allegations

4. On or about August 14, 2010, the plaintiff decedent, Michael J. DiMaria was lawfully upon the premises of The Lansdowne Pub located at 7 – 9 Lansdowne Street in City of Boston, County of Suffolk, Commonwealth of Massachusetts.

5. On or about August 14, 2010, the defendant, Concorde Entertainment, Inc., d/b/a owned, operated and was in control of the premises known as The Lansdowne Pub at 7 – 9 Lansdowne Street in City of Boston, County of Suffolk, Commonwealth of Massachusetts.

6. The defendant, Concorde Entertainment, Inc., d/b/a The Lansdowne Pub had a duty to keep the premises safe including adequate security for those lawfully upon the premises.

7. On or about August 14, 2010, the plaintiff decedent, Michael J. DiMaria was struck by a glass thrown by a patron at The Lansdowne Pub.

8. At the time of the incident, the patron that threw the glass was involved in a dispute and argument with another patron.

9. As a direct and proximate result of being struck by a piece of glass, the plaintiff decedent, Michael J. DiMaria sustained severe personal injuries and died.

## COUNT I – Wrongful Death / Negligence

10. The plaintiff realleges paragraphs 1 through 9 and incorporates them as if more fully set forth herein.

11. The defendant negligently and carelessly maintained the premises of The Lansdowne Pub and provided inadequate security for those lawfully upon the premises.

12. As a direct and proximate result thereof, the plaintiff decedent Michael J. DiMaria was injured and died.

13. This count is brought for wrongful death for compensatory damages under Chapter 229, Section 2 for the heirs of the Estate of Michael J. DiMaria.

## COUNT II – Survival

14. The plaintiff realleges paragraphs 1 through 13, including Count I and incorporates them as if more fully set forth herein.

15. The defendant negligently and carelessly maintained the premises of The Lansdowne Pub and provided inadequate security for those lawfully upon the premises.

16. As a direct and proximate of the defendant's negligence, the plaintiff decedent Michael J. DiMaria sustained serious personal injuries as more fully set forth in the General Allegations above.

17. This count is brought for the conscious pain and suffering sustained by Michael J. DiMaria until the time of his death.

### COUNT III – Wrongful Death / Gross Negligence

18. The plaintiff realleges paragraphs 1 through 17, including Count I and Count II and incorporates them as if more fully set forth herein.

19. The defendant in a grossly negligent fashion, provided inadequate security on the premises of The Lansdowne Pub on August 14, 2010.

20. As a result of the gross negligence of the defendant, the plaintiff decedent Michael J. DiMaria died.

21. As a result of the gross negligence of the defendant, the plaintiff decedent's Estate is entitled to recovery of punitive damages in an amount not less $5,000.00.

WHEREFORE, the plaintiff, Joseph DiMaria, Administrator of the Estate of Michael J. DiMaria demands judgment against the defendant in an amount to be determined by the fact finder along with interest and costs.

**THE PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES.**

Respectfully submitted,

The plaintiff,
JOSEPH DIMARIA, Administrator of the Estate of
MICHAEL J. DIMARIA
By his attorney,

DATED: 5-29-12

Lewis C. Eisenberg, Esq. /BBO #152140
COSGROVE, EISENBERG and KILEY, PC
803 Hancock Street - P.O. Box 189
Quincy, MA 02170-0997
(617) 479-7770

Commonwealth of Massachusetts
County of Suffolk
The Superior Court

CIVIL DOCKET # SUCV2012-02036-H
Courtroom CtRm 1015, 3 Pemberton Square, Boston

RE: Dimaria v Concorde Entertainment Inc

TO: Lewis C Eisenberg, Esquire
Cosgrove Eisenberg & Kiley
803 Hancock Street
PO Box 189
Quincy, MA 02170-0997

## SCHEDULING ORDER FOR A TRACK

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated, and case shall be resolved and judgment shall issue by **05/15/2015**

### STAGES OF LITIGATION — DEADLINES

| Stage | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | 08/28/2012 | 08/28/2012 | |
| Response to the complaint filed (also see MRCP 12) | | 09/27/2012 | |
| All motions under MRCP 12, 19, and 20 | 09/27/2012 | 10/27/2012 | 11/26/2012 |
| All motions under MRCP 15 | 07/24/2013 | 08/23/2013 | 08/23/2013 |
| All discovery requests and depositions served and non-expert depositions completed | 05/20/2014 | | |
| All motions under MRCP 56 | 06/19/2014 | 07/19/2014 | |
| Final pre-trial conference held and/or firm trial date set | | | 11/16/2014 |
| Case shall be resolved and judgment shall issue by 05/15/2015 | | | 05/15/2015 |

- The final pre-trial deadline is <u>not the scheduled date of the conference</u>.
- You will be notified of that date at a later time.
- **Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**

Dated: 05/31/2012

Michael Joseph Donovan
Clerk of the Court

Telephone: 617-788-8147