UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| JOSEPH DIMARIA, Administrator of the Estate of MICHAEL J. DIMARIA, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil No. 12-11139-FDS |
| CONCORDE ENTERTAINMENT, INC., d/b/a BILL'S BAR, THE LANSDOWNE PUB, and LYONS GROUP, LTD., | ) ) ) ) ) | |
| Defendant. | ) ) | |

ORDER ON PLAINTIFF'S MOTION TO COMPEL (DOC. NO. 34)

August 9, 2013

SOROKIN, C.M.J.

The plaintiff has moved to compel the defendant to produce written incident reports prepared after the events that gave rise to this lawsuit. Doc. No. 34. The defendant has opposed the motion, Doc. No. 36, which was referred to the undersigned for resolution, Doc. No. 35. A motion hearing was held on August 8, 2013. For the reasons that follow, the plaintiff's motion is DENIED.

I.   BACKGROUND[1]

Late Friday, August 13, 2010, into early Saturday, August 14, 2010, the decedent was a patron at a bar operated by the defendant. He died after being struck in the neck by broken glass during an altercation between two other patrons at the bar. Boston police were called to the

---

[1] The relevant facts are drawn from the Complaint and the parties' submissions in connection with the motion to compel. Doc. Nos. 1-1, 34, 36.

scene and interviewed several of the defendant's employees who were present at the time. Certain employees also testified about the incident before a grand jury about one month later.

The defendant's Security Manual contains the following provision: "At the end of the night, if there have been any incidents that you have been involved with or have witnessed, you are **required** to complete an incident report and turn it in to the manager that night." Doc. No. 34-2 at 11 (emphasis in original) (limiting reports to "only . . . information you have witnessed"). No such reports were prepared on the night of the incident. The plaintiff concedes that "[n]o one in the employ of the [defendant] claims to have seen [the] dispute." Doc. No. 34-1 at 1.

Based on the seriousness of the incident, the defendant retained counsel on August 14, 2010 to conduct an investigation in anticipation of administrative, civil, and criminal litigation that might arise therefrom. On August 16 and 17, 2010, counsel interviewed twenty-one of the defendant's employees who were working on the night of the incident. The interviews were done individually and, after answering specific questions presented by counsel, the employees were asked to write statements about the incident based on their discussions with counsel. The statements were written on the defendant's standard incident report forms, were given directly to counsel, and have been maintained by counsel as confidential work product.

In 2012, the administrator of the decedent's estate brought an action alleging wrongful death and negligence. See generally Doc. Nos. 1, 1-1. On July 1, 2013, the plaintiff filed the pending motion seeking an order compelling the defendant to produce the handwritten statements provided to counsel. Doc. No. 34. The defendant has opposed the motion, arguing the plaintiff has shown neither good cause for waiting until after the close of discovery to file the motion, nor a substantial need for the production of documents protected by the attorney work

product doctrine. Doc. No. 36. The Court agrees with the defendant on both counts.

II.     DISCUSSION

The deadline for completing fact discovery was May 28, 2013. Doc. No. 30. The District Court's scheduling order required the parties to file motions to compel discovery before the close of fact discovery, "[e]xcept for good cause shown." Doc. No. 15 at 2. According to the defendant, it first disclosed the existence of handwritten statements created by its employees at the request of counsel in its August 29, 2012 automatic disclosures. Doc. No. 36 at 16. The defendant again referenced and described the statements at least twice during discovery: in its February 15, 2013 responses to the plaintiff's document requests, Doc. No. 34-2 at 23-24 (listing twenty-one employees who provided statements and noting they were withheld based on claims of privilege and work product); and in its March 15, 2013 interrogatory responses, Doc. No. 34-2 at 18 (referencing handwritten statements of twenty-one employees).

The plaintiff has offered no explanation for waiting until July 1, 2013 to file his motion seeking the statements, nor has he attempted to satisfy the "good cause" requirement contained in the District Court's scheduling order. See generally Doc. No. 34-1.[2] Moreover, the plaintiff completed all other discovery – including taking depositions of various employees of the defendant – without seeking a stay or suspending depositions pending receipt of the statements at issue. Doc. No. 36 at 16. Under these circumstances, the motion to compel is untimely, and the Court finds no basis for excusing the plaintiff from the deadlines set forth in the scheduling order.

---

[2]The plaintiff neither sought permission to file a reply brief addressing this issue in response to the defendant's argument, nor did his counsel provide an explanation when asked about it during the motion hearing.

Even if the motion were timely, the work product doctrine would preclude disclosure of the statements.  Pursuant to that doctrine:

> Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative . . . .  But . . . those materials may be discovered if: (i) they are otherwise discoverable under Rule 26(b)(1); and (ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.

Fed. R. Civ. P. 26(b)(3)(A); see United States v. Textron, Inc. & Subsidiaries, 577 F.3d 21, 29 (1st Cir. 2009) (discussing Hickman v. Taylor, 329 U.S. 495 (1947)); In re Grand Jury Subpoena, 220 F.R.D. 130, 141-42 (D. Mass. 2004).  The defendant has satisfied its burden of establishing that the work product doctrine applies here by submitting an affidavit prepared by the attorney who conducted the meetings with the employees and solicited their statements.  Doc. No. 36-1.  The statements are plainly "documents," and the attorney's affidavit demonstrates that they were prepared at her request and collected "in anticipation of litigation" that was reasonably foreseeable, particularly given the nature of the incident.  Id. at ¶¶ 2, 7-9.

The plaintiff suggests the statements are not protected work product because they are "purely factual in nature" and "were prepared in the ordinary course of business" pursuant to the Safety Manual.  Doc. No. 34-1 at 4.  The parties agree, however, that statements were not completed on the night of the incident, but were later solicited by counsel from all "front-of-the-house" employees working at the bar on the night of the incident, irrespective of whether they were "involved with" or "witnessed" the dispute.  These constitute departures from the routine policy described in the Safety Manual.  See Doc. No. 34-2 at 11.  In addition, the nature of the incident and its effects and counsel's immediate involvement further remove the situation from "the ordinary course" of the defendant's business.  Finally, although the statements likely reflect

facts, in part, the attorney's affidavit makes clear that they "summar[ize] the information that was extracted through [her] inquiry of [each] employee." Doc. No. 36-1 at ¶ 11. In other words, the statements were shaped by specific questions discussed during the attorney's interviews and, thus, their content reflects her strategies, thoughts, and mental impressions. See Hickman, 329 U.S. at 510. The plaintiff has not refuted this description of the statements' content.

To obtain such work product, then, the plaintiff must demonstrate a "substantial need" for the materials.[3] Fed. R. Civ. P. 26(b)(3)(A)(ii). He has not done so. During the discovery period, the plaintiff received copies of statements taken from the defendant's employees by Boston police on the night of the incident, as well as transcripts of the employees' grand jury testimony the following month. The plaintiff also deposed several of the defendant's employees, none of whom claimed to have forgotten the events in question. In light of the availability of these other resources – and considering that the plaintiff apparently did not perceive a "substantial need" to make efforts to secure the documents before deposing the employees who prepared them – the exception to the work product doctrine is inapplicable here.

III.   CONCLUSION

For the foregoing reasons, the motion to compel (Doc. No. 34) is DENIED.

SO ORDERED.

　/s/ Leo T. Sorokin　
Leo T. Sorokin
Chief United States Magistrate Judge

---

[3] There is no dispute that the materials are otherwise discoverable pursuant to Rule 26(b)(1). See Fed. R. Civ. P. 26(b)(3)(A)(i).